Argued and submitted December 16, 1997, ballot titles certified as modified February 12, 1998

James RICE,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S44792)

James RICE,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General
State of Oregon,
*Respondent.*

(SC S44793)
(Consolidated for Argument and Opinion)

952 P2d 533

John J. Tyner III, Hillsboro, argued the cause for petitioner. With him on the petition in SC S44792 was L. Todd Wilson.

John Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the responses were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Graber, Durham, and Kulongoski, Justices.*

VAN HOOMISSEN, J.

---

* Fadeley, J., retired January 31, 1998, and did not participate in this decision.

## VAN HOOMISSEN, J.

In this original ballot title proceeding, petitioner challenges the ballot titles for two proposed initiative measures, Measures 53 and 54, pertaining to criminal sentencing. We consolidated the petitions for argument and opinion. Petitioner timely submitted comments about the Attorney General's proposed ballot titles. ORS 250.067(1). The Attorney General declined to modify the ballot titles as requested by petitioner and, instead, certified the titles. ORS 250.067(2). Petitioner seeks review. ORS 250.085(2). We review the titles for substantial compliance with the requirements of ORS 250.035(2).[1] Applying that standard, we determine that both ballot titles should be modified.

Under Measures 53 and 54, first-time "major crimes" offenders receive minimum 14- and 18-month sentences, respectively. The measures increase sentences for repeat "major crimes" offenders. Measure 53 imposes proportionally increased sentences of one to three years for repeat offenders; Measure 54 imposes increased sentences of two to six years. Measure 53 also provides for the inclusion of prior juvenile adjudications for calculating "repeat offender" status. Measure 54 abolishes the power of sentencing courts to accord "first-time offender" treatment under ORS 161.610(5) to offenders who use or threaten to use a firearm in the commission of a crime.

---

[1] ORS 250.035(2) provides, in part:

"The ballot title of any state measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words that reasonably identifies the subject matter of the state measure. * * *;

"(b) A simple and understandable statement of not more than 15 words that describes the result if the state measure is approved. The statement required by this paragraph shall include either the phrase, 'I vote' or 'vote yes,' or a substantially similar phrase, which may be placed at any point within the statement;

"(c) A simple and understandable statement of not more than 15 words that describes the result if the state measure is rejected. The statement required by this paragraph shall include either the phrase, 'I vote' or 'vote no,' or a substantially similar phrase, which may be placed at any point within the statement; and

"(d) A concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

For Measure 53, the Attorney General certified the following ballot title to the Secretary of State:

"INCREASES SENTENCES FOR PERSONS WITH PRIOR CONVICTIONS FOR LISTED CRIMES

"RESULT OF 'YES' VOTE:   'Yes' vote increases sentences for certain convictions if person has prior convictions for listed crimes.

"RESULT OF 'NO' VOTE:   'No' vote rejects increasing sentences if person has prior convictions for listed crimes.

"SUMMARY: Establishes minimum sentences for crimes listed as 'major crimes.' Provides one to three year proportionally increased sentences for major crimes, aggravated murder or murder if person has one to three prior convictions for major crime within past 10 years. Prior juvenile court adjudications involving major crimes apply to increase sentence. Treats prior conviction for driving under influence of intoxicants as major crime if current conviction is for criminally negligent homicide using vehicle. Prohibits temporary leave or other reduction in additional prison time imposed under measure."

For Measure 54, the Attorney General certified the following ballot title:

"INCREASES SENTENCES FOR PERSONS WITH PRIOR CONVICTIONS FOR LISTED CRIMES

"RESULT OF 'YES' VOTE:   'Yes' vote increases sentences for certain convictions if person has prior convictions for listed crimes.

"RESULT OF 'NO' VOTE:   'No' vote rejects increasing sentences if person has prior convictions for listed crimes.

"SUMMARY: Establishes minimum sentences for crimes listed as 'major crimes.' Provides two to six year proportionally increased sentences for major crimes, aggravated murder or murder if person has one to three prior adult convictions or juvenile adjudications for major crime within past 10 years. Eliminates existing possible first offender treatment for major crime using firearm. Treats prior conviction for driving under influence of intoxicants

as major crime if current conviction is for criminally negligent homicide using vehicle. Prohibits temporary leave, other reduction in additional prison time."

Because petitioner makes the same arguments with regard to both Measure 53 and 54, we use the term "measure" in this opinion to refer to both measures, unless otherwise indicated.

## CAPTION

Petitioner contends that the Attorney General's caption fails to identify the subject matter of the proposed measure, as required by ORS 250.035(2)(a). He argues that the caption is misleading, because it suggests that the proposed initiatives will create enhanced sentencing for repeat offenders of major crimes when, in fact, the sentencing guidelines and other sentencing schemes already provide for sentencing enhancement for prior criminal history. He also argues that the caption gives a false impression that the measure would increase sentences only for repeat offenders when, in fact, they also would affect the sentences of first-time offenders.

■■ When a ballot title caption purports to make a representation regarding the present state of the law, the representation must not be misleading. By stating that the measure "increases sentences" for persons with prior convictions for listed crimes, the Attorney General's proposed caption purports to describe how existing law will change with regard to its treatment of persons with prior convictions. Contrary to petitioner's assertions, however, the phrase is not inaccurate or misleading. Repeat offenders currently *may* receive enhanced sentences. Under the new measure, such persons *would* receive one to three (or two to six) years in prison *in addition* to the enhanced sentences that they would receive under existing sentencing guidelines and other sentencing schemes. The Attorney General's certified caption accurately reflects that aspect of the measure.

In answer to petitioner's second argument, however, we agree that the Attorney General's certified caption could leave a reasonable reader with the misleading impression that the measure applies *only* to repeat offenders. To the contrary, Measure 53 imposes a minimum 14-month sentence, and Measure 54 imposes a minimum 18-month sentence, on

persons who have never been convicted of a "major crime." The Attorney General's caption is *under-inclusive*. By describing the impact of the measure on one class of offenders, while excluding any reference to another class of offenders, the Attorney General's certified caption misleads the voters as to the full breadth of the measure and fails reasonably to identify the subject matter of the measure. *See, e.g., Witt v. Kulongoski*, 319 Or 7, 872 P2d 14 (1994) (illustrating this court's application of the foregoing principle in modifying an under-inclusive and, therefore, inadequate ballot title caption).

Accordingly, we modify the caption as follows:

CHANGES MINIMUM SENTENCES FOR LISTED CRIMES, INCLUDING CERTAIN REPEAT OFFENSES

### THE RESULT STATEMENTS

Our modification of the caption requires a corresponding modification of the Attorney General's "yes" result statement. We turn to the Attorney General's "no" result statement.

■ Petitioner argues that the Attorney General's "no" result statement misleadingly suggests that a rejection of the measure will leave the state without enhanced penalties for persons with prior convictions. We agree that the proposed "no" statement improperly suggests that the state would be left without enhanced sentencing for repeat offenders if the measure is not passed.

Based on the foregoing, we modify the "yes" and "no" result statements to read as follows:

RESULT OF "YES" VOTE:   "Yes" vote changes minimum sentences for listed crimes, including certain repeat offenses.

RESULT OF "NO" VOTE:   "No" vote retains present sentencing statutes and guidelines for listed crimes, including repeat offenses.

## SUMMARY

■    Consistent with his arguments concerning the caption and result statements, petitioner contends that the summaries of the Attorney General's ballot titles wrongly give the impression that Oregon law currently does not impose enhanced punishment on repeat offenders. However, we conclude that the certified summaries concisely and impartially summarize the measures and their "major effect[s]," as required by ORS 250.035(2)(d).

In conclusion, we hold that the ballot title caption and result statements certified by the Attorney General are legally deficient and we modify them. The summaries are sufficient.

We certify the following ballot title for Measure 53:

CHANGES MINIMUM SENTENCES FOR LISTED CRIMES, INCLUDING CERTAIN REPEAT OFFENSES

RESULT OF "YES" VOTE:   "Yes" vote changes minimum sentences for listed crimes, including certain repeat offenses.

RESULT OF "NO" VOTE:   "No" vote retains present sentencing statutes and guidelines for listed crimes, including repeat offenses.

SUMMARY: Establishes minimum sentences for crimes listed as "major crimes." Provides one to three year proportionally increased sentences for major crimes, aggravated murder or murder if person has one to three prior convictions for major crime within past 10 years. Prior juvenile court adjudications involving major crimes apply to increase sentence. Treats prior conviction for driving under influence of intoxicants as major crime if current conviction is for criminally negligent homicide using vehicle. Prohibits temporary leave or other reduction in additional prison time imposed under measure.

We certify the following ballot title for Measure 54:

CHANGES MINIMUM SENTENCES FOR LISTED
CRIMES, INCLUDING CERTAIN REPEAT OFFENSES

RESULT OF "YES" VOTE: "Yes" vote changes minimum sentences for listed crimes, including certain repeat offenses.

RESULT OF "NO" VOTE: "No" vote retains present sentencing statutes and guidelines for listed crimes, including repeat offenses.

SUMMARY: Establishes minimum sentences for crimes listed as "major crimes." Provides two to six year proportionally increased sentences for major crimes, aggravated murder or murder if person has one to three prior adult convictions or juvenile adjudications for major crime within past 10 years. Eliminates existing possible first offender treatment for major crime using firearm. Treats prior conviction for driving under the influence of intoxicants as major crime if current conviction is for criminally negligent homicide using vehicle. Prohibits temporary leave, other reduction in additional prison time.

Ballot titles certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).